IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIQUE RIZO, individually and on behalf of all other similarly situated employees, | § § § § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:25-CV-0888-D |
| VS. | § § | |
| URGENTCARE2GO.COM, LLC, and DK PHYSICIANS PLLC, | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants UrgentCare2go.com, LLC, and DK Physicians PLLC move under Fed. R. Civ. P. 60(b)(4) for relief from a final default judgment. For the reasons that follow, the court denies the motion.

I

Plaintiff Dominique Rizo ("Rizo") filed the instant lawsuit on April 10, 2025. The summons and complaint were hand-delivered to a business address associated with both defendants and left with a receptionist on April 21, 2025.[1] Three months then passed without a responsive pleading, and Rizo requested that the clerk of court enter a default judgment on July 22, 2025. The clerk of court entered the default following day. Rizo then moved on August 6, 2025 for entry of a default judgment, which the court entered that day.

[1]Defendants contend that the receptionist was not authorized to receive service and that valid service of process was never received. The court need not resolve this dispute to decide this motion.

On January 5, 2026 Rizo served post-judgment discovery on defendants. According to defendants, this constituted their first notice of the final judgment. They then retained an attorney to seek post-judgment relief and represent them in this matter. But their attorney failed to file any such motion for several months, leading defendants to terminate that representation and retain new counsel. Finally, after nearly six months (172 days) since defendants received actual notice, their newly retained counsel filed the instant motion to vacate on June 26, 2026.

Defendants maintain that Rizo failed to correctly serve process on either of them, rendering the final judgment void and entitling them to Rule 60(b) relief. Rizo opposes the motion, which the court is deciding on the briefs, without oral argument.

II

A

"Under Rule 60(c)(1), any 'motion under Rule 60(b) must be made within a reasonable time,' unless good cause can be shown for the delay." *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (quoting *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)); *see also Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 162 (2026) (clarifying that the reasonable time requirement also applies to motions to vacate void judgments). The timeliness of a Rule 60(b) motion is assessed at the point in time when the moving party has a basis to make such a motion, regardless of the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). Therefore, "[o]nce a party has grounds to make a Rule

60(b) motion . . . he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121).

In determining reasonableness, this court considers "whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)). Good reason, or "good cause," that justifies a delay is "evaluated on a case-by-case basis." *In re Edwards,* 865 F.3d at 208 (citation omitted). Because the determination of reasonableness is evaluated on a case-by-case basis, courts in the Fifth Circuit have held a wide variety of delays to be reasonable. *Compare*, *e.g.*, *Congious by & through Hammond v. Shaw*, 2024 WL 3434571, at *4 (N.D. Tex. July 16, 2024) (O'Connor, J.) (holding that a four month delay was reasonable because of the difficulties of evaluating newly discovered evidence and other unique circumstances) *with Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (holding that a two-month delay was unreasonable); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d. ed. 2012) (stating that courts decide "[w]hat constitutes reasonable time . . . in the light of the circumstances of the particular case."). Therefore, if there is a substantial delay without sufficient "justification," a Rule 60(b) motion is barred. *In re Garcia*, 756 Fed. Appx. 391, 395 (5th Cir. 2018) (per curiam).

B

The final judgment in this case was entered on August 6, 2025. The court will assume *arguendo* that defendants did not receive notice of this final judgment until January 5, 2026, when they received post-judgment discovery.[2] Then, nearly six months (172 days) elapsed before defendants filed the present motion to vacate on June 26, 2026. The sole justification for this delay is the "fail[ures]" of their prior counsel. Ds. Br. (ECF No. 22) at 5. Essentially, defendants maintain that their first attorney did very little. *Id.* They contend that they nevertheless demonstrated diligence through "five follow-up requests" with their attorney requesting her to file a motion to vacate the judgment. *Id.* But the attorney still "failed" to do so. *Id.* Eventually, defendants terminated this representation and retained their present, second, counsel on June 12, 2026, after five months of near total inaction. *Id.* at 6. Defendants contend that the foregoing sequence constitutes good cause and renders the motion to vacate filed "within a reasonable time." *Id.* at 5. The court disagrees.

The Fifth Circuit has long recognized that the "mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (stating that attorney mistakes are an insufficient basis for Rule 60(b)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 1862559, at *4 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (applying same to the merits of a Rule 60(b) motion). And this is "especially true" here, "where the timeliness of postjudgment filings is concerned." *Pryor*,

[2]This date serves as the point in time for which the timeliness of this motion will be assessed because it is when defendants first had a "basis to make such a motion." *First RepublicBank Fort Worth*, 958 F.2d at 120.

769 F.2d at 288. Citing the Fifth Circuit's decision in *Pryor*, the Seventh Circuit concluded in *Kagan v. Caterpillar Tractor Co.* that a three-month delay in filing a motion to vacate was unreasonable when the only excuse was "difficulty . . . in retaining new counsel . . . and the purported lack of cooperation . . . in turning over the case file and in advising new counsel." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610-11 (7th Cir. 1986). "The case law is clear." *Id.* at 611. When a plaintiff chooses an "attorney as a representative" in action, "he cannot [later] avoid the consequences of the acts or omissions of this freely-selected agent." *Id.*

In this case, defendants only retained new counsel after five months of alleged near total inaction. Had defendants been exercising diligence and not "sleep[ing] on their rights," as required under Rule 60(b), they would have retained responsive counsel far earlier than June 12, 2026. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, 130 (2010). Therefore, defendants have failed to demonstrate "good cause" for the six-month delay in filing this motion. *In re Edwards*, 865 F.3d at 208.

Courts in the Fifth Circuit also consider "whether the party opposing the motion has been prejudiced by the delay in seeking relief" and the judicial system's "interest in finality." *Clark*, 850 F.3d at 780; *Travelers Ins. Co.*, 38 F.3d at 1410 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). These remaining considerations weigh against a finding that the delay in this case was reasonable. It has been more than one year since the court entered the final judgment, and Rizo has not yet recovered anything. The additional delay caused by defendants' unjustified inaction has delayed Rizo's recovery of relief. Buttressed

by the "interest in finality," the court holds that the circumstances of this case weigh in favor of holding that the delay was unreasonable. *Travelers,* 38 F.3d at 1410.

Accordingly, because defendants did not file the instant Rule 60(b) motion within a reasonable time and have failed to demonstrate good cause for the delay, the court holds that they are not entitled to relief from the final default judgment under Rule 60(b)(4).[3]

* * *

For the reasons explained, the court denies defendants' June 26, 2026 motion to vacate final judgment.

**SO ORDERED**.

August 26, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

[3]Because the court holds that the motion to vacate was not filed within a reasonable time, it declines to reach the merits of the question whether the final judgment was void due to improper service of process.